DAVID D. LIN (DL-3666)
JUSTIN MERCER (JM-4514)
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@iLawco.com
Justin@iLawco.com

Telephone: (718) 243-9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiff*
*Runs Like Butter Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUNS LIKE BUTTER INC. d/b/a BUTTERFLYMX,<br><br>                    Plaintiff,<br><br>     v.<br><br>MVI SYSTEMS LLC and SAMUEL TAUB,<br><br>                    Defendants. | Case No.<br><br>**VERIFIED COMPLAINT FOR CYBERSQUATTING; TRADEMARK INFRINGEMENT; UNFAIR COMPETITION** |

Plaintiff Runs Like Butter, Inc. d/b/a ButterflyMX®, for its complaint for damages and injunctive relief against MVI Systems LLC ("MVI") and Samuel Taub ("Taub," and collectively with MVI, "Counterdefendants") alleges as follows:

**PARTIES**

1.      Plaintiff Runs Like Butter, Inc. d/b/a ButterflyMX® ("Plaintiff" or "ButterflyMX") is a Delaware corporation, authorized to do business as a foreign business corporation in the State of New York, with a principal place of business in New York County, New York.

2. Upon information and belief, Defendant MVI Systems LLC is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 2607 Nostrand Avenue, Brooklyn, New York 11210 and a principal office at 1363 East 31st Street, Brooklyn, New York 11210, and that transacts business in the State of New York and within this judicial district.

3. Upon information and belief, Defendant Taub is an individual domiciled in the State of New York, residing at 1363 East 31st Street, Brooklyn, New York 11210 and is the principal, CEO, Chairman and a founder of MVI.

4. Upon information and belief, Taub has an ownership interest in, operates and/or manages the business of the corporate defendant MVI.

5. Upon information and belief, there exists, and at all times herein mentioned there existed, a unity of interest between and among defendants vis-à-vis the ownership, operation and/or management of MVI.

6. Upon information and belief, MVI is so dominated and controlled by Taub, such that defendants may be considered interchangeable with one another.

7. At all times material to this action, each of Defendants was the agent, servant, employee, partner, alter ego, subsidiary, or joint venture of the other Defendant, and the acts of each Defendant were in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and the consent of the other Defendant; and each Defendant aided and abetted the other Defendant in the acts of omissions alleged in this Complaint.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the laws of the State of New York. This Court has subject matter jurisdiction, *inter alia*, pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 *et seq.*

9. This Court has personal jurisdiction over Defendants because, upon information and belief, they reside in and/or regularly do business in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

10. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that Defendants reside in and/or conduct substantial business in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

**FACTS RELEVANT TO ALL CLAIMS**

**A. ButterflyMX's Business and Goodwill and Establishment of ButterflyMX.com**

11. Plaintiff ButterflyMX is an innovative technology company based in New York and focused on developing remote building security systems for residential and commercial buildings.

12. ButterflyMX, the maker of the remote building security systems, has developed the most secure and convenient building entry platform that tethers cloud-based software to intuitive touchscreen hardware. ButterflyMX's mission is to connect the wide variety of software-enabled services to tenants inside a building.

13. Since launching in 2013, ButterflyMX has transformed building entry for developers, property managers, and tenants — from eliminating building wiring and in-unit hardware to property management integrations and virtual keys for service providers.

14. ButterflyMX's business is more than just hardware and more than an intercom, ButterflyMX is the developer of top-rated smartphone apps, many integrations, and a powerful property management dashboard all designed to make property access at buildings seamless.

15. ButterflyMX's remote building security systems are installed in many hundreds of residential, commercial, and student housing properties around the world including those developed, owned, and managed by the largest and most trusted names in real estate.

16. To date, ButterflyMX has facilitated millions of door release transactions in properties around the world.

17. On or around late 2012, ButterflyMX registered the <ButterflyMX.com> domain name (the "Domain Name") in connection with the marketing and promotion of Plaintiff's services.

18. ButterflyMX operates the website located at the Domain Name (the "ButterflyMX Site") which receives thousands of visits annually.  ButterflyMX also purchases Google AdWords and other online and print advertising to drive consumers to the ButterflyMX Site.

**B. ButterflyMX's Trademark**

19. ButterflyMX is the beneficial owner of trademark BUTTERFLYMX® which was registered in the United States Patent and Trademark Office on March 10, 2015 (the

"BUTTERFLYMX® Mark"), in Class 45 for "Control of building environmental access and security systems" and has used same in commerce since as early as March 2013.

20. ButterflyMX uses the BUTTERFLYMX® Mark source identifier in conjunction with a variety of business and web properties. As a result, it established a reputation and goodwill in its trademark. The mark is unique, inherently distinctive and has acquired distinctiveness through its association with ButterflyMX's business and various services sold throughout the world.

21. ButterflyMX has devoted substantial time, effort and money in creating awareness and promoting the BUTTERFLYMX® Mark and as a result the BUTTERFLYMX® Mark has gained widespread recognition in the field of intercom software and hardware, including automated security systems, like ButterflyMX's Smart Intercom™.

### C.  Defendants' Competing Business and Trademark Infringement

22. Upon information and belief, Defendants Taub and MVI own and operate the website <mvisystems.com>, a competitor of Plaintiff's in the business of keyless, video intercom security systems. Upon information and belief, Defendants promote and sell a keyless intercom ("Defendants'' Product") on their website ("Defendants' Website").

23. Upon information and belief, Taub asserts that he is the owner and registrant of a U.S. Patent for Defendants' Product.

24. On or about February 11, 2019, Defendants registered the domain name <ButterflyMX.co> (the "<ButterflyMX.co> Domain Name"), which is identical to the BUTTERFLYMX® Mark. The domain name precisely tracks the spelling of Plaintiff's Domain Name, with the exception of the ".co" top-level domain or "TLD".

25. On or about February 11, 2019, Defendants registered the domain name <ButterflyMX.org> (the "<ButterflyMX.org> Domain Name"), which is identical to the BUTTERFLYMX® Mark. The domain name precisely tracks the spelling of Plaintiff's Domain Name, with the exception of the ".org" top-level domain or "TLD".

26. On or about February 11, 2019, Defendants registered the domain name <ButterflyMX.net> (the "<ButterflyMX.net> Domain Name," collectively with the <ButterflyMX.co> Domain Name, and the <ButterflyMX.org> Domain Name, the "Infringing Domains"), which is identical to the BUTTERFLYMX® Mark. The domain name precisely tracks the spelling of Plaintiff's Domain Name, with the exception of the ".net" top-level domain or "TLD".

27. Defendants registered and have used Infringing Domains with the bad faith intent to profit from said use.

28. Plaintiff did not authorize Defendants to use or register the Infringing Domains bearing Plaintiff's business name and the BUTTERFLYMX® Mark.

29. Defendants have never been known by the name BUTTERFLYMX®.

30. Defendants have not made any legitimate noncommercial or fair use of the Infringing Domains.

31. At the time that Defendants registered the Infringing Domains, Defendants were competitors of Plaintiff's, and were fully aware of Plaintiff's BUTTERFLYMX® Mark.

32. The <ButterflyMX.co> Domain Name redirects to Defendants' <mvisystems.com> website.

33. The <ButterflyMX.org> Domain Name redirects to Defendants' <mvisystems.com> website.

34. The <ButterflyMX.net> Domain Name redirects to Defendants' <mvisystems.com> website.

35. The goods and services offered by Defendants are highly similar to and directly competitive with the goods and services provided by Plaintiff under the BUTTERFLYMX® Mark.

36. ButterflyMX has no association, affiliation, sponsorship or any connection to Defendants.

37. On or about April 8, 2019, ButterflyMX sent a cease and desist letter to Defendants demanding that they stop using the Infringing Domain names to redirect consumers to Defendants' competing website and to immediately transfer them to ButterflyMX.

38. Despite notice from ButterflyMX, Defendants continue to use the Infringing Domains to redirect users to their own website and thus use the BUTTERFLYMX® Mark in connection with the sale of video intercom security systems in direct competition with Plaintiff.

39. ButterflyMX has been and continues to be damaged by Defendants' use of the Infringing Domains and the BUTTERFLYMX® Mark.

**FIRST CAUSE OF ACTION**
**Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

40. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is informed and believes, and on that basis alleges, that Defendants registered and are using the Infringing Domains with the bad faith intent to profit off of Plaintiff's BUTTERFLYMX® Mark.

42. Defendants were competitors of Plaintiff's at the time that they registered the Infringing Domains and were aware of Plaintiff's trademark rights.

43. Users who type the Infringing Domains into their Web browsers are directed to Defendants' competing Website. Using a domain name that is virtually identical to a competitor's trademark to redirect users to a competing Website is quintessential bad faith.

44. The aforesaid actions constitute cybersquatting, in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

45. The unauthorized use of the BUTTERFLYMX® Mark as a domain name has caused, and unless and until enjoined will continue to cause, irreparable injury to the BUTTERFLYMX® Mark and the good will associated with same. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and therefore it lacks an adequate remedy at law.

46. By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover profits, actual damages, and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, in the amount of One Hundred Thousand Dollars ($100,000) for each domain name.

47. The foregoing acts have been, and continue to be, deliberate, willful and wanton, making this an "exceptional" case within the meaning of 15 U.S.C. § 1117.

48. Plaintiff has incurred costs, including without limitation, attorneys' fees and court costs, in seeking to retrieve the Infringing Domains.

## SECOND CAUSE OF ACTION
### Infringement of Registered Trademark in Violation of 15 U.S.C. § 1114(1)

49. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 as though fully set forth herein.

50. Plaintiff is the owner of the registered trademark BUTTERFLYMX®.

51. Defendants' use of Plaintiff's BUTTERFLYMX® Mark to redirect consumers looking for Plaintiff and Plaintiff's trademark to their own website is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods and/or services in violation of the Lanham Act, 15 U.S.C. § 1114(1).

52. Upon information and belief, Defendants' conduct, including their continuing infringement after notice, was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

53. The aforesaid infringement by Defendants has caused and, unless enjoined, will continue to cause, immediate and irreparable injury to Plaintiff's business, goodwill and reputation.

54. Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in addition to damages, temporary, preliminary and permanent injunctive relief to protect its trademark and other legitimate business interests. Plaintiff is reliant on its business reputation and its ability to maintain and grow its client base in a competitive market and will continue suffering irreparable harm absent injunctive relief.

55. Plaintiff has a substantial likelihood of success on the merits because of Defendants' blatant, willful and malicious infringement on Plaintiff's BUTTERFLYMX® Mark, especially after notice and opportunity to cease and desist were provided.

56. By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover profits, actual damages, and the costs of the action, or statutory damages under 15 U.S.C. § 1117.

57. The foregoing acts have been, and continue to be, deliberate, willful and wanton, making this an "exceptional" case within the meaning of 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION
### False Designation of Origin in Violation of 15 U.S.C. § 1125(a)(1)(B)

58. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 as though fully set forth herein.

59. Plaintiff is the owner of the registered trademark BUTTERFLYMX®.

60. Defendants' use of Plaintiff's BUTTERFLYMX® Mark to redirect consumers looking for Plaintiff and Plaintiff's trademark to their own website is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods and/or services in violation of the Lanham Act, 15 U.S.C. § 1125(a).

61. Upon information and belief, Defendants' conduct, including their continuing infringement after notice, was committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

62. The aforesaid infringement by Defendants has caused and, unless enjoined, will continue to cause, immediate and irreparable injury to Plaintiff's business, goodwill and reputation.

63. Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in addition to damages, temporary, preliminary and permanent injunctive relief to protect its trademark and other legitimate business interests. Plaintiff is reliant on its business reputation and its ability to maintain and grow its client base in a competitive market and will continue suffering irreparable harm absent injunctive relief.

64. Plaintiff has a substantial likelihood of success on the merits because of Defendants' blatant, willful and malicious infringement on Plaintiff's BUTTERFLYMX® Mark, especially after notice and opportunity to cease and desist were provided.

65. By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover profits, actual damages, and the costs of the action, or statutory damages under 15 U.S.C. § 1117.

66. The foregoing acts have been, and continue to be, deliberate, willful and wanton, making this an "exceptional" case within the meaning of 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION
### Common Law Unfair Competition

67. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 as though fully set forth herein.

68. Defendants registered and are using domain names to divert users searching for Plaintiff's Site to Defendants' competing business and website.

69. Upon information and belief, Defendants intended to use their diversion of traffic from the Infringing Domains as a means to generate business by turning customers away from Plaintiff, and redirecting them to Defendants.

70. The aforesaid acts by Defendants have caused and, unless enjoined, will continue to cause, immediate and irreparable injury to Plaintiff's business, goodwill and reputation.

71. These acts and others stated above constitute a pattern of common law unfair competition, entitling Plaintiff to the recovery of compensatory and punitive damages.

## FIFTH CAUSE OF ACTION
### Unfair and Deceptive Trade Practices in Violation of N.Y. GBL § 349

72. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 as though fully set forth herein.

11

73. Defendants' unauthorized use of the BUTTERFLYMX® mark in advertising constitutes deceptive practices through Defendants' appropriation for its own use of the name, brand, trademark, reputation, and goodwill of Plaintiff in violation of N.Y. Gen. Bus. Law § 349.

74. The aforesaid acts by Defendants have caused and, unless enjoined, will continue to cause, immediate and irreparable injury to Plaintiff's business, goodwill and reputation.

75. These acts and others stated above entitle Plaintiff to the recovery of compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court enter a judgment in its favor and against Defendants Taub and MVI, granting, as follows:

a. That Defendants Taub and MVIand all persons acting in concert be preliminarily and permanently enjoined from using the domain names <ButterflyMX.co>, <ButterflyMX.org>, and <ButterflyMX.net> and be ordered to file with the Court and serve on Plaintiff within thirty (30) days after the service on Defendants Taub and MVI of such injunction, or such shorter or extended period as the Court may direct, a report in writing under oath setting forth in detail the manner in which Defendants Taub and MVI have complied with the injunction;

b. That Defendants Taub and MVI, and their respective domain name registrar, and/or domain name registry, be ordered to transfer the domain names <ButterflyMX.co>, <ButterflyMX.org>, and <ButterflyMX.net> to Plaintiff pursuant to 15 U.S.C. § 1125(d);

c. That Plaintiff recovers from Defendants all damages sustained pursuant to 15 U.S.C. § 1125(d), 15 U.S.C. § 1114 and/or 15 U.S.C. § 1125(a);

d. That Defendants be ordered to pay Plaintiff all damages sustained, reasonable costs, expenses, and attorneys' fees in prosecuting this action, pursuant to 15 U.S.C. 1117;

e. That Defendants be ordered to relinquish control over any websites, webpages, web hosting, social media and/or email accounts which include, are associated with, or similar to Plaintiff's trademark;

f. An Order directing Defendants to engage in appropriate and commensurate corrective advertising;

g. A Temporary, Preliminary and Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from using Plaintiff's trademark or any designation confusing similar thereto;

h. Actual damages in an amount to be determined at trial, but in no event less than $1,000,000, due to common law unfair competition;

a. An Order requiring a disgorgement of profits from Defendants to Plaintiff for all claims so applicable;

b. Exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community;

c. That Plaintiff be awarded pre- and post-judgment interest to the maximum extent allowed by law;

d. An Order awarding attorneys' fees, costs and expenses incurred in connection with this action to Plaintiff; and

e. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: Brooklyn, New York
April 25, 2019

LEWIS & LIN, LLC

By: */s/ David D. Lin*
David D. Lin (DL-3666)
Justin Mercer (JM-4514)

81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@iLawco.com
justin@iLawco.com

*Attorneys for Plaintiff*

## **VERIFICATION**

I, Cyrus Claffey, verify under penalty of perjury under the laws of the United States of America that the following is true and correct:

I am the Chief Executive Officer of Runs Like Butter, Inc. d/b/a ButterflyMX® ("Plaintiff" or "ButterflyMX"), and am familiar with the Verified Complaint's factual allegations.

I have reviewed the Verified Complaint and, based upon personal knowledge and/or the business records of ButterflyMX, aver that the foregoing factual allegations contained herein are true to the best of my knowledge, except those matters stated upon information and belief, which I believe to be true.

Dated: April 25, 2019

CYRUS CLAFFEY