# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin
—
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: David@iLawco.com

August 13, 2019

**VIA ECF**
Hon. Allyne R. Ross
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

*Runs Like Butter Inc. v. MVI Systems LLC and Samuel Taub*
19-cv-2432 (ARR) (JO)

Dear Judge Ross:

  I am counsel for plaintiff Runs Like Butter Inc. d/b/a ButterflyMX in the referenced action and write pursuant to Your Honor's Individual Practices and Rules to request a pre-motion conference on plaintiff's application to seek an attachment of defendants' assets and potentially file an amended complaint adding a cause of action for fraudulent transfer.

  On August 8, 2019, defendant Samuel Taub (the president of the corporate defendant MVI Systems LLC) sent an unprompted message to the CEO of plaintiff ButterflyMX, Cyrus Claffey via LinkedIn messenger threatening that Defendant MVI Systems was going to be "liquidat[ed]" on Monday and that soon "there will be nothing left." See attached Exhibit 1.

  Yesterday, the undersigned wrote to counsel for defendants, Max Moskowitz, requesting that defendants provide adequate assurances that they will not carry through with their threatened "liquidat[ion]." See attached Exhibit 2. Mr. Moskowitz refused to provide such assurances. On the contrary, he stated that his client was possibly "going out [of] business" and that regarding the "reorganization of its business, there is some truth to Taub's statement about MVI Systems." Bizarrely, Mr. Moskowitz classified Mr. Taub's intended actions not as a fraudulent conveyance, but as mere "false advertising." A true and correct copy of Mr. Moskowitz' response is attached hereto as Exhibit 3.

LEWIS & LIN LLC

Under the circumstances, defendants' threatened actions would constitute a fraudulent conveyance, entitling plaintiff to an attachment of defendants' assets. Pursuant to Fed R. Civ. P. 64, "throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." In New York, CPLR § 6212(a) provides that in order to be entitled to an order of attachment, Plaintiff must show that (i) there is a cause of action; (ii) it is probable that Plaintiff will succeed on the merits; (iii) one or more grounds for attachment provided in CPLR § 6201 exist; and (iv) the amount demanded from the defendants exceeds all counterclaims known to Plaintiff. CPLR § 6201 provides, in pertinent part: "An order of attachment may be granted in any action . . . where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when: . . . 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts."

Applying these standards, plaintiff is entitled to an order of attachment. As the Court stated in the proceedings regarding plaintiff's application for a temporary restraining order and preliminary injunction, defendants' actions as alleged in the complaint appear to be a "direct violation of the statute, as I understand it. So this is not something worth fighting over." (Transcript of Proceedings, April 30th, 2019, 12:30 p.m. at 10). Pursuant to the applicable statute, 15 U.S.C. § 1125, plaintiff may, instead of actual damages, elect an award of statutory damages of up to $100,000 per domain name (*i.e.*, $500,000 in this case which involves five domain names). Defendants have asserted no counterclaims nor meritorious affirmative defenses. Finally, defendants' own words, as confirmed by their counsel, is that they will be imminently "liquidating the company" such that "there will be nothing left" for the enforcement of any judgment in plaintiff's favor.

Moreover, the circumstances of defendants' sudden, inexplicable "liquidation" contain several "badges of fraud" that lead to no other conclusion but that defendants are acting with intent to defraud their creditors or frustrate the enforcement of a judgment in this case. *Ostashko v. Ostashko*, No. 00–CV–7162 (ARR), 2002 WL 32068357, at *18 (E.D.N.Y. Dec 12, 2002). Here, the proposed "liquidation" appears to be hastily made not in the usual course of business; the transfer is for all or substantially of defendants' assets; there is clearly an inadequacy of consideration such that defendants are threatening that "there will be nothing left" to pay any judgment; and defendants are planning their "liquidation" in the face of the current lawsuit and another suit for similar intellectual property violations in the Southern District of New York (*Gateguard, Inc. v. MVI Systems LLC*, No. 19-cv-02472 (RA)).

Accordingly, plaintiff requests a pre-motion conference on its intended motion for attachment of defendants' assets. To the extent defendant has (as threatened) already effectuated their intended fraudulent transfer, plaintiff seeks leave to amend its complaint and attach the assets that have been conveyed to the transferee party. To that end, plaintiff respectfully requests that the Court direct defendants to produce all documents and communications related to the threatened "liquidati[on of] the company" as referenced in Mr. Taub's message. Such

LEWIS & LIN LLC

documents would necessarily include communications defendants had with their counsel about same, given the "crime-fraud exception" to the attorney-client privilege.

                                                          Respectfully submitted,

                                                          /s/ David D. Lin
                                                          David D. Lin

cc: Counsel for Defendants (via ECF)

**From:** Samuel Taub <hit-reply@linkedin.com>
**Date:** August 8, 2019 at 8:05:05 AM EDT
**To:** Cyrus Claffey <███████@gmail.com>
**Subject: Message replied: RE: Offer**
**Reply-To:** Samuel Taub <45e46b2f-d2fb-4d06-833d-6f408e8783d5@reply.linkedin.com>



Open Profile: You have a new message

**Date:** 8/8/2019
**Subject:** RE: Offer

Cyrus, since you aren't answering me, I will make this very clear.

We are liquidating the company this coming Monday, so if you want to accept the offer we proposed to your lawyer, then you will need to do it beforehand.

Otherwise there will be nothing left.

Your choice.

**View Message**

You are receiving InMail/Open Profile notification emails. Unsubscribe
This email was intended for Cyrus Claffey (CEO at ButterflyMX). Learn why we included this.
If you need assistance or have questions, please contact LinkedIn Customer Service.

© 2019 LinkedIn Corporation, 1000 West Maude Avenue, Sunnyvale, CA 94085. LinkedIn and the LinkedIn logo are registered trademarks of LinkedIn.

Exhibit 1

# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin
—
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: David@iLawco.com

August 9, 2019

**By Email**
Max Moskowitz
Ostrolenk Faber LLP
845 Third Avenue, New York, NY 10022
mmoskowitz@ostrolenk.com

*Runs Like Butter Inc. d/b/a ButterflyMX, v. MVI Systems et al.*
Civil Case No. 1:19-cv-02432 (ARR) (JO)

Dear Mr. Moskowitz:

     As you know, this office represents Runs Like Butter Inc. d/b/a ButterflyMX ("ButterflyMX") in the above-referenced action. We write to inform you of certain communications that your client, Samuel Taub, sent to the CEO of ButterflyMX, Cyrus Claffey, in connection with this lawsuit.  These communications are deeply concerning as they indicate that your client is about to perpetrate a fraud on the Court while he is subject to its jurisdiction. We are further troubled to the extent that you or your firm has had any role in advising your client of taking these actions.

     On August 8, 2019, Mr. Taub wrote to Mr. Claffey via LinkedIn messenger that Defendant MVI Systems was going to be "liquidat[ed]" on Monday (August 12) and that ButterflyMX would need to accept the settlement offer proposed by you before then—"otherwise there will be nothing left."  A true and correct copy of the August 8 communication is attached hereto.

     Your client's threatened actions are clearly intended to be a fraudulent transfer, as his own words indicate that his proposed liquidation is calculated to hinder, delay, or defraud his present and future creditors, including ButterflyMX.  The risk that your clients will fraudulently

Exhibit 2

LEWIS & LIN LLC

dissipate any assets that could be used to make ButterflyMX whole is underlined by their flagrant and fraudulent actions to date, including:

- using the infringing domains in connection with a redirecting scam to his own competing website;
- using a privacy protection service to shield his identity as the registrant of the domain names at issue;
- concealing the fact that he had two other infringing domain names even after being ordered by the Court to turn them over to plaintiff.

These "badges of fraud," along with the highly deceitful circumstances of your client's proposed transaction, give rise to a *presumption of fraudulent intent*. *See, e.g., In re Saba Enters.*, 421 B.R. 626, 643 (Bankr. S.D.N.Y. 2009). Accordingly, if your client does liquidate its assets on Monday, or anytime thereafter, those assets will be clawed back if a judgment is awarded in ButterflyMX's favor. We also note that under N.Y. Debt. & Cred. L. §§ 276 and 276-a, our client would be entitled to all attorneys' fees involved in enforcing the judgment against the transferee entity, or against Mr. Taub personally. It should be also noted that Mr. Taub is individually named in this lawsuit and any judgment can, and will be, collected against him regardless of any transfer.

Further, we note that communications between you and your clients concerning any fraudulent transfer are not protected by the attorney-client privilege. *See, e.g., Secs. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 319 F.R.D. 100 (S.D.N.Y. 2017) ("because the Trustee has established that there is substantial reason to believe that Ms. Crupi was seeking advice from Guston & Guston in furtherance of actual or planned fraudulent activity, the Trustee is entitled to the production of the documents that would otherwise be privileged concerning the Defendants' purchase of the Mantoloking house"). Should your client carry out his fraudulent transfer, we will seek to compel you to produce all of your pertinent communications with him on this matter.

Finally, we feel it is our professional duty to refer you, as defendants' counsel, to the New York Rules of Professional Conduct governing this situation. Under R.P.C. 1.2(d), "A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is illegal or fraudulent." *See In re Lowell*, 14 A.D.3d 41, 45, 784 N.Y.S.2d 69 (1st Dept. 2004) (finding a violation of R.P.C. 1.2(d), 8.4(d), among others, for attorney's assistance in client's fraudulent transfer).

Accordingly, we must demand that you confirm your understanding of your and your client's obligations as stated above, that you have informed your client of his duty not to dissipate his assets, and that he has provided adequate assurances that he will not carry through with his threatened "liquidat[ion]." We request that you provide us with written confirmation of the above by Monday, August 12, at noon, or we will bring this matter to the Court's attention and seek all available remedies, including a constructive trust against your client's personal and business assets.

2

# LEWIS & LIN LLC

We look forward to your response.

                                                    Very truly yours,

                                                    David D. Lin



David Lin <david@ilawco.com>

## RE: MVI Systems / Samuel Taub

**Max Moskowitz** <mmoskowitz@ostrolenk.com>  Mon, Aug 12, 2019 at 9:35 AM
To: "David D. Lin" <david@ilawco.com>
Cc: Lauren Valli <lauren@ilawco.com>, Carol Kupferberg <ckupferberg@ostrolenk.com>, Max Moskowitz <mmoskowitz@ostrolenk.com>, Ariel Peikes <apeikes@ostrolenk.com>

Dear David,

I am responding herein to your letter of Friday August 8th.

Firstly, I knew nothing about the LinkedIn message from Samuel Taub to your client, prior to receiving your above-mentioned letter.

But regardless, and far more importantly, I am at a loss understanding your letter. Please explain where you discern "fraud" cognizable at law, in my client telling your client, to spur him to engage in settlement discussions, that MVI Systems is closing "Monday."

Personally, I have been exposed to hundreds of "going out business" sales pitches, with these companies remaining live and well for years. These companies may have engaged in "false advertising" but certainly not in "FRAUD." I have seen many advertisers stating (falsely) "we have only 10 pieces left in inventory." This is not legal "fraud." Nor does my client's statement amount to "false advertising" given it was not made to the public.

If you disagree, your option is to take your allegation to the Court. But before you do so, I will share with you, based on what I heard from my client (yesterday) about a reorganization of its business, there is some truth to Taub's statement about MVI Systems, Inc.

If you want to inject a "fraud" cause of action, you must do so formally. We shall oppose your motion to amend the pleadings.

You also wrote to me about settlement on August 2nd. I will respond in a separate email.

Regards,

Max Moskowitz

Exhibit 3

Ostrolenk Faber LLP

845 Third Avenue, New York, NY 10022
Telephone: (212) 596-0500

**From:** David D. Lin [mailto:david@ilawco.com]
**Sent:** Friday, August 09, 2019 3:58 PM
**To:** Max Moskowitz
**Cc:** Ariel Peikes; Lauren Valli
**Subject:** MVI Sytems / Samuel Taub

Max:

Please see attached.

Best regards,

David Lin

**David D. Lin**

Lewis & Lin LLC
81 Prospect Street, Suite 8001  |  Brooklyn, NY 11201
office (718) 243-9323  |  fax (718) 243-9326  |  direct (718) 243-9325
iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.