# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin
—
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: David@iLawco.com

September 10, 2019

**VIA ECF**
Hon. James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Runs Like Butter Inc. v. MVI Systems LLC and Samuel Taub*
19-cv-2432 (ARR) (JO)

Dear Judge Orenstein:

      I am counsel for plaintiff Runs Like Butter Inc. d/b/a ButterflyMX in the referenced action and write in response to Defendants' letter of September 6th, 2019, and pursuant to the Court's Order regarding: (1) whether there is unanimous consent for a referral to mediation, and (2) whether Defendants' submission complies with the Court's order requiring the production of "all documents concerning the pertinent transaction." (D.E. 33)

      First, given Defendants' lack of candor in these proceedings, coupled with the fact that the parties are far apart in their settlement positions and Defendants' counsel has indicated to the undersigned that his client is unwilling to increase his settlement proposal, my client does not believe a mediation would be beneficial at this time.  Additionally, although Your Honor ordered the parties to engage in informal discovery in order to facilitate settlement discussions, Defendants provided exactly two pages of materials, and notably refused to provide requested information regarding website analytics.  Accordingly, Plaintiff is unable to understand the extent of its damages from Defendants' anticompetitive acts without a full opportunity for discovery.  Towards that end, Plaintiffs are complying with the Court's Case Management Order and have noticed depositions of Defendants for early October.

LEWIS & LIN LLC

Second, the one-page document that Defendants submitted openly flouts Your Honor's Order that they produce "all documents concerning the pertinent transaction." Not only that, the document itself does not even support the representations Mr. Moskowitz made in Court. At most, the document (entitled a "Bulk Sale Notice of Release") indicates that a "bulk sale" has been completed by defendant MVI Systems LLC ("Defendant MVI") to a purchaser, MVI Industries, LLC ("MVI Industries"). According to the New York Department of Taxation and Finance, a "bulk sale" simply means that a person who is required to collect sales taxes has sold, transferred or assigned business assets "in whole or in part" to another entity. Tax Bulletin ST-70 (June 23, 2013), *available at* https://www.tax.ny.gov/pubs_and_bulls/tg_bulletins/st/bulk_sales.htm. The document provides no indication as to whether MVI Industries would be held liable for a judgment against Defendant MVI. Indeed, to the extent the MVI Industries purchased Defendant MVI's assets but did not accept its liabilities, such a transfer likely constitutes a fraudulent conveyance under the circumstances here.

We should note that prior to submitting this letter to the Court, the undersigned conferred with Mr. Moskowitz regarding acceptable documentation of the transfer in an attempt to resolve the matter without Court intervention. While Mr. Moskowitz has produced three additional pages of information, none of it shows that defendants engaged in anything other than an attempted fraudulent transfer of assets or provides any information showing that the successor entity would be held liable here absent a finding of fraud. For instance, despite our request for such documents, Defendants have not produced a copy of any asset purchase agreement or schedules thereto; any bills of sale, promissory notes, or lease assignments; a resolution or certification from the members of either the predecessor or successor LLCs passing any merger; the operating agreement(s) of the two entities, or any secretary of state filings concerning the transaction.

Mr. Moskowitz contends that the matter can be resolved with a one-page stipulation adding MVI Industries as a third defendant. This misses the point. Merely adding MVI Industries as a party invites them to argue that they simply purchased some of Defendant MVI's assets and should not be liable for its debts—needlessly multiplying the issues in this case while potentially allowing Mr. Taub and his company to escape liability. If a fraudulent transfer occurred, plaintiffs respectfully submit that the Court attach the transferred assets or have the conveyance set aside pursuant to N.Y. D.C.L. § 278(1). If, on the other hand, it is Defendants' position that a de facto merger occurred, or that MVI Industries is a mere continuation of Defendant MVI, the Defendant should produce all evidence of this transaction.

Respectfully submitted,

/s/ David D. Lin
David D. Lin

cc: Counsel for Defendants (via ECF)