# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin
—
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: David@iLawco.com

October 16, 2019

**VIA ECF**
Hon. James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

> *Runs Like Butter Inc. v. MVI Systems LLC et al.*,
> Case No: 1:19-cv-02432 (ARR)(JO)

Dear Judge Orenstein:

      We represent Plaintiff in the above-captioned action and write in response to the letter dated October 10, 2019 from non-party Koss & Schonfeld, LLP (**"K&S"**) objecting to Plaintiff's subpoena [D.E. 43].

      Defendants have engaged in a series of deceptive and fraudulent acts to date; including (i) purchasing internet domain names in order to mislead Plaintiff's customers; (ii) attempting to anonymize their purchases to cover their tracks; (iii) making conflicting representations to the Court about their conduct; (iv) then rushing to strip their corporate entity of all assets in an apparent fire sale just as their conduct started to become uncovered by this litigation. Accordingly, Plaintiffs have since amended their complaint to address Defendants' blatant fraudulent conveyance, and have sought limited discovery from the transactional counsel who helped them carry it out. In its conclusory and boiler plate objections to the subpoena, K&S essentially tells this Court: "trust us" – and fails to provide the Court with ***any*** meaningful context on the burden imposed by producing documents and appearing for a deposition on a limited set of topics. Nor do they provide the Court with ***any*** meaningful way of evaluating their attorney-client privilege. Why should K&S be entitled to complete immunity from having to respond to limited discovery simply because Defendants hired their law firm to assist them in carrying out such a suspiciously timed transaction?

## I. Defendants are not entitled to an Absolute Privilege

K&S first argues that to the extent any documents exist, they would all be covered by the attorney-client privilege. Not true. To begin with, some of the Demands would not appear to trigger the privilege at all. *See, e.g.* Demand #6 (requesting correspondence between K&S and non-client MVII). And K&S otherwise fails to provide any meaningful context for Plaintiffs or the Court to test their privilege claim.

Of course, certain communications otherwise responsive to Demands 2-7 concerning MVI Systems LLC, Samuel Taub and K&S are likely privileged and not subject to production. But K&S' blanket assertion that the subpoena should be quashed just because some material is arguably privileged goes to an illogical extreme. Indeed, courts should "apply [the privilege] only where necessary to achieve its purpose and construe the privilege narrowly because it renders relevant information undiscoverable." *U.S. v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). Moreover, communications, made in furtherance of a fraudulent conveyance would not be protected by the attorney client privilege, and the crime fraud exception applies even where the attorney is unaware of this purpose. *See Amusement Indus. Inc. v. Stern*, 293 F.R.D. 420, 426 (S.D.N.Y. 2013). Nor do innocent explanations consistent with the facts alleged negate what the Second Circuit describes as "not an overly demanding standard." *See id.* at 427 *citing Fabrikant v. French,* 691 F.3d 193, 216 (2d Cir. 2012).

Given the suspicious liquidation of all of MVI System's assets in the midst of litigation – and Taub's admission he intended to strip MVI Systems so "there will be nothing left" absent a quick settlement – it is entirely reasonable to believe his objective was fraudulent and made to hinder, delay and frustrate his current and future creditors. And there is probable cause to believe that communications between Taub and K&S during this time frame were made in furtherance of his attempts to carry out this fraudulent transfer. *See In re Michael S. Goldberg, LLC*, 595 B.R. 119, 126-127 (Bankr. D. Conn. 2018) (finding trustee established probable cause to believe communications between investor and his attorney were made in furtherance of fraudulent transfer so as to render them discoverable where transfers not made until after clawback proceeding was commenced).

## II. The Subpoena Seeks Material Not Necessarily Available from Other Sources

K&S' conclusory argument that "all of the documents demanded" would be in Defendants' possession and could be produced by Defendants is meritless. A "deponent is not excused from responding to the subpoena on the ground that the party issuing the subpoena must seek the documents through party discovery." *Allstate Ins. Co. v. A & F Med. P.C.*, 2016 WL 7116067, at *3 (E.D.N.Y. Dec. 6, 2016).[1] Indeed, nothing in the Federal Rules "requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas." *Id.* To date, Defendants have stonewalled at every turn and have provided only a minimal set of

---

[1] K&S' reliance on *US v. Boyle*, 2009 WL 484436 (S.D.N.Y. Feb. 24, 2009) for the proposition that the Subpoena should be quashed here is absurd. *Boyle* involved a capital murder case governed by the Federal Rules of ***Criminal*** Procedure in which Defendant attempted to get his entire police file, prison file and US Attorney file.

transaction documents. Plaintiffs have no reason to believe that the documents it seeks are also in Defendants' possession.

### III. Plaintiffs' Request for Documents Concerning Solvency are not Premature

Boiler plate objections, made on October 10, 2019, that Plaintiff has failed to show the Demands are relevant and material to the claims at issue in the proceedings were mooted upon Plaintiff's filing of the Second Amended Complaint (the **"SAC"**) on October 11, 2019. *See* [D.E. No. 45.] The current pleading alleges fraudulent conveyance and adds two new counts under the N.Y. Debtor and Creditor Law. *See generally,* [SAC ¶¶ 45-93; 112-130.] The Demands go to the core elements and are certainly relevant and material.

Arguing Plaintiff's subpoena is an "improper" and premature attempt to seek post-judgment financial discovery is also baseless. To be sure, litigants are often prohibited from obtaining pre-judgment financial discovery. But such a rule is not absolute. *See, e.g., Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367–68 (2d Cir.1991) (finding plaintiff entitled to discovery of financial information to establish "alter ego" liability). Indeed, financial information is relevant and subject to discovery now if it "implicates specific elements of a claim or defense asserted in the dispute." *Gen Mtrs. LLC v. Lewis Bros., LLC*, 2012 WL 3128949, at *8 (W.D.N.Y. July 31, 2012). Where, as here, financial information is "crucial to plaintiff's ability to establish its fraudulent conveyance," K&S "cannot rely" on this argument. *Id.* at *9 (finding Plaintiff's attempts to assess whether Defendants are engaging in fraudulent conveyances of corporate assets in support of its claim for avoidance of fraudulent conveyance under N.Y. DCL §§273, 278 proper); *see also Abu-Nassar v. Elders Futures Inc.*, 1991 WL 45062, at *16, 19 n.20 (S.D.N.Y. Mar. 28, 1991) (permitting financial discovery concerning changes in corporate form, transfers of assets and information on related entities as "entirely relevant" to alleged fraudulent conveyance of corporate assets).

### IV. The Subpoena is Not Unduly Burdensome and Should be Enforced

K&S's claim that Demands 5, 6, 8 should be quashed because they are not limited to any time period is a gross exaggeration of the law. *See* [D.E. 43 at 3], citing *Playboy Enterp. Int'l Inc. v. On Line Entm't, Inc.*, 2003 WL 1567120 (E.D.N.Y. Mar. 13, 2003). That the court in *Playboy* found that 4 subpoenas on non-parties – served after discovery had closed and a trial date was set – were improper has no bearing here. Since the transaction here closed on August 21, 2019, the time period for responsive material under these requests likely poses a minimal burden. K&S' vague and generalized objections that it would take "countless hours" to cull and examine a "trove of documents" that are potentially privileged and "irrelevant" and thus constitute an "improper burden" are no longer welcome in this District. *See, e.g., Fischer v. Forrest,* 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (collecting cases); *see also Orix USA Corp. v. Amentrout*, 2016 WL 3926507, *2 (N.D. Tex. July 21, 2016) (non-party's boilerplate objections under Fed. Rule Civ. P. 45(d)(2)(B) improper. Finally, K&S argues that having to

testify for a deposition would be "disruptive" and unnecessary[2] because its documents speak for themselves. This is circular and wrong. K&S has not produced documents, and the case it cites, *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs.*, No 97Civ124 (JGK), 2000 WL 1253262, at *2 (S.D.N.Y. Sept. 1, 2000), came to the opposition conclusion in denying the application of a protective order sought by the transactional attorneys there.

We respectfully request the Court deny K&S' motion to quash the subpoena.

Respectfully submitted,

/s/ David D. Lin
David D. Lin

cc: Simcha D. Schonfeld, Esq. (via e-mail and regular mail: sds@kandsllp.com)
David A. Stein, Esq (via e-mail: dstein@mb-llp)
Counsel of Record (via ECF)

---

[2] *See K&S Letter,* [D.E. 43 at 3], *citing Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, 2013 WL 664711, *2 (S.D.N.Y. Feb. 25, 2013). *Nimkoff* is inapposite as the non-party firm there had already produced numerous documents and made two attorneys available for deposition. That is not the case here.