# THE ENGEL LAW GROUP, PLLC

280 Madison Avenue – Suite 705
New York, NY  10016

Telephone: (212) 665-8095          Email: aee@elgpllc.com          Facsimile: (888) 364-3564

October 17, 2019

**BY ECF**

Hon. James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY  11201

Re:     Runs Like Butter v. MVI Systems, et al. (19-cv-2432)

Dear Judge Orenstein,

Earlier today, I filed a Notice of Consent to Change Attorney on behalf of Defendants MVI Systems and Samuel Taub, replacing Max Moskowitz as their counsel.

I am writing today to update the Court regarding the Treitler subpoena and Your Honor's prior Orders regarding same, and to raise certain discovery issues that I believe should be included on the agenda for the court conference set for tomorrow.

First, on October 3, Your Honor entered a minute order as follows:  "In the absence of any affidavit from Mr. Taub about Mr. Treitel's status, I decline to reconsider my order.  Should Mr. Taub wish to submit an affidavit, it would be useful to include a report on the results of his current efforts to contact Mr. Treitel to advise him of his obligation to appear."  Attached hereto as Exhibit A is the Declaration of Samuel Taub, in which Mr. Taub explains under penalty of perjury that Mr. Treitel was never an employee of MVI Systems and that he has had no connection to the company since late February of this year.  Despite my clients' lack of ability to produce Mr. Treitel in court or at a deposition, the Taub Declaration details Mr. Taub's efforts to contact Mr. Treitel and inform him of the subpoena directed at him, and that Mr. Treitel has declined to appear in court tomorrow of appear for a deposition.  The Plaintiff also had an opportunity to ask Mr. Taub anything they wanted to know about Mr. Treitel at Mr. Taub's deposition, and I trust that they took advantage of that opportunity.  I respectfully submit that this submission should put this matter to rest, and that my clients should no longer be required to assist the Plaintiff in securing Mr. Treitel's deposition.

Second, while the Plaintiff has continually pressed the Defendants for discovery and wasted no opportunity to accuse my clients of discovery and other misconduct, the Plaintiff's own response to my clients' document requests (Exh. B) is woefully inadequate and does not come close to complying with their discovery obligations.  And as I understand the current status, the Plaintiff has produced only a handful of documents to date.

For example, the Plaintiff begins with a litany of boilerplate "General Qualifications and Objections," each of which it incorporates fully into each subsequent discovery response, including two separate entries that object to any request "insofar as" it calls for material that is not relevant or not likely to lead to the discovery of admissible evidence (see General Objections 1 and 5).  In an equally vague and unhelpful manner, the Plaintiff objected to particular requests with responses such as "Plaintiff specifically objects to this Request on the basis that it is Overly Broad and not Relevant," with nothing more (Plaintiff's Response to Request No. 1).  This response does not explain why the request is allegedly overbroad, does not indicate which documents, if any, are being withheld on the basis of this objection, and does not indicate when, if ever, the Plaintiff intends to produce any documents in response to this request.

These general and vague objections may have been typical (but equally frustrating and improper) twenty years ago, but the courts have made it very clear recently that such vague boilerplate objections are no longer acceptable.  For example, earlier this year Magistrate Judge Parker explained that:

> Plaintiff's counsel also did not comply with Rule 34 insofar as Plaintiff's objections were boilerplate and its description of the documents it would produce vague.  Rule 34 imposes the responsibility on a responding party to state what it is withholding or describe the scope of the production it is willing to make, including the parameters of the search to be made (i.e., custodians, sources, date ranges and search terms, or search methodology).  Fed. R. Civ. P. 34; Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment; 19 Sedona Conf. J. at 477-81.  A failure to comply with this responsibility carries serious consequences.  A number of courts have held that an objection that does not appropriately explain its grounds is forfeited.  *See, e.g., Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-100212018, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, No. 14 Civ. 01304, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (excerpt as to privilege).").  This Court notes that Plaintiff also did not provide Defendant any information as to when it would produce documents to which it had no objection . . . This is unacceptable."

*Michael Kors, L.L.C. v. Su Yan Ye* (S.D.N.Y., Apr. 8, 2019, No. 1:18-CV-2684 (KHP)) 2019 WL 1517552, at *3; *see also Fischer v. Forrest* (S.D.N.Y., Feb. 28, 2017, No. 14CIV1304PAEAJP) 2017 WL 773694, at *3 (analyzing responses virtually identical to those filed by Plaintiff in this case, quipping "[l]et us count the ways defendants have violated the Rules" before going through the various ways such responses violate various rules).

The Plaintiff has not given my clients any basis to determine, and challenge as needed, whether and to what extent any of the Plaintiff's general objections actually to apply to specific requests, which documents, if any, are being withheld, where and how the Plaintiff searched for

THE ENGEL LAW GROUP, PLLC
www.elgpllc.com

280 MADISON AVENUE
SUITE 705

(TEL) (212) 665-8095
(FAX) (888) 364-3564

responsive documents, whether responsive documents exist, or when my clients might expect to actually receive the documents they requested.  This remains the case after my predecessor counsel tried, unsuccessfully, to resolve these issues through the required "meet and confer" process.

As such, in the coming days my clients intend to request, consistent with the Court's Individual Practices, that the Court hold that Plaintiff has waived any and all objections to my clients' document requests, other than privilege, and that they should be ordered to produce all responsive documents in a reasonable timeframe, such as two weeks.

I apologize to the Court and the Plaintiff for getting this letter in, and raising these issues, only the day before the court conference, but I have only just been retained and I believe it would be inefficient to waste the opportunity to get these issues before the Court as soon as possible.

Respectfully Submitted,

Adam Engel
Attorney for Defendants
Samuel Taub and MVI Systems

THE ENGEL LAW GROUP, PLLC
www.elgpllc.com

280 MADISON AVENUE
SUITE 705

(TEL) (212) 665-8095
(FAX) (888) 364-3564

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RUNS LIKE BUTTER INC. d/b/a BUTTERFLYMX,

   *Plaintiff*,

  v.

MVI SYSTEMS LLC and  SAMUEL TAUB,

   *Defendants.*

Case No. 1:19-cv-02432 (ARR)(JO)

## <u>DECLARATION OF SAMUEL TAUB</u>

I, Samuel Taub, declare under penalty of perjury as follows:

1.  I am a member and CEO of the Defendant MVI Systems LLC ("MVIS") and also an individual Defendant in this matter.  I submit this Declaration in response to a recent Order (DKT # 42) of Magistrate Judge Orenstein in the above captioned matter (the "ORDER"), concerning an individual named Zalman Treitel ("Treitel").

2.  Treitel was an independent consultant at MVI, who provided services pursuant to a Consultation Agreement (the "Treitel Agreement"), involving mostly sales of the MVI intercom system. Treitel was never a "W2" employee at MVI.

3.   In late February 2019, I informed Treitel that his consultant services are no longer needed. Treitel's consultant services to MVIS ended on March 15, 2019.

4.  On September 16, 2019, I provided a copy of the first page of the Treitel Agreement with MVI (which lists a home address for Treitel) to my counsel Max Moskowitz, at his request.

{02461005.1}

5.      I am informed that Treitel has since moved to a different address. I do not know Treitel's current address.

6.      In response to the ORDER, I called Mr. Treitel on October 7, 2019, stated to him that a subpoena was issued on him and he responded that he did not receive it. I then asked him whether he would be willing to appear to testify about the domain names at issue in this law suit.

7.      Mr. Treitel responded that he is too busy at work, does not want to lose income by appearing at a court proceeding, and specifically directed me not to disclose his telephone number to anyone.

8.      I was deposed (for an entire day) by Plaintiff's counsel Mr. David Lin on October 10, 2019 and answered numerous questions about the purchase and many other aspects of the domain names, including my recollections of Mr. Treitel's involvement with the purchase of the domain names.

9.      I do not have the power and cannot physically compel Mr. Treitel's appearance in court on October 18, 2019. I plan to attend that conference pursuant to the ORDER.

I declare that the foregoing is true under penalty of perjury.

Dated:  October 16, 2019

Samuel Taub

EXHIBIT B

Max Moskowitz
OSTROLENK FABER LLP
845 Third Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 596-0500
Facsimile: (212) 382-0888
E-mail: mmoskowitz@ostrolenk.com

*Attorneys for Defendants*
*MVI Systems LLC and Samuel Taub*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUNS LIKE BUTTER INC. d/b/a BUTTERFLYMX,<br><br>             *Plaintiff*,<br><br>        v.<br><br>MVI SYSTEMS LLC and  SAMUEL TAUB,<br><br>             *Defendants.* | Case No. 1:19-cv-02432 (ARR)(JO)<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO FRCP 34** |

Defendants MVI Systems LLC and Samuel Taub (collectively "Defendants") hereby submit their Responses to Plaintiff's First Request for the Production of Documents and Things.

## I.      GENERAL OBJECTIONS TO ALL DOCUMENT REQUESTS

1.      Defendants object to Plaintiff's requests as set forth below, but are undertaking a search for many categories of documents not objected to. Defendants will gather and produce those documents with reasonable diligence.

2.      Defendants object to these requests and accompanying definitions and instructions as overbroad and unduly burdensome insofar as they seek to impose obligations

{02450183.1}

beyond those established by the Federal Rules of Civil Procedure ("FRCP"), including in particular Rules 34 and 26(b)(1) effective December 1, 2015, and the Local Rules of this District Court.

3.     Nothing in these written responses or in Defendants' production of documents in response to these requests constitutes, or is intended to constitute, an admission or representation by Defendants of any fact or contention in this litigation. Defendants' responses herein are based only upon facts known at this time. Discovery in this matter is ongoing, and during the course of subsequent discovery, Defendants may become aware of supplemental, additional, or other responsive documents. Defendants reserve the right to update, amend, or supplement these responses and their document production. In addition, these objections are made without prejudice to Defendants' right to present further additional or other evidence or contentions in a motion for summary judgment, at trial, or otherwise, based upon information hereafter identified, obtained, or developed.

4.     "**Vagueness Objection**." Defendants object to Plaintiff's discovery requests to the extent that they are confusing, vague and/or ambiguous.

5.     "**Overly Broad Objection**." Defendants object to Plaintiff's discovery requests to the extent that they are overly broad, unduly burdensome, oppressive and/or harassing, and that they seek to impose a duty to provide discovery beyond that required by the Federal Rules of Civil Procedure. In particular, Defendants objects to each request that is not "proportional to the needs of the case," under the current FRCP.

6.     "**Irrelevance Objection**." Defendants object to Plaintiff's discovery requests to the extent that they call upon Defendants to investigate, collect and disclose documents and/or information that are neither relevant to the subject matter of this action nor proportional to the

needs of the case.  The burden and extent of responding to such discovery requests far outweigh the utility of the discovery sought, and the discovery sought is obtainable from other sources that are more convenient, less burdensome, and less expensive. To the extent that responses are provided, it is in an effort to expedite discovery in this action and is not an indication or admission by Defendants of the relevancy thereof. In particular, Defendants object to each request that is not "proportional to the needs of the case," under the current FRCP.

7.     "**Privilege Objection**." Defendants object to Plaintiff's discovery requests to the extent that they call upon Defendants to disclose information immune from discovery because of the attorney/client privilege or because of the attorney work product doctrine, or because they otherwise call upon Defendants to disclose the mental impressions, conclusions, opinions or legal theories of an attorney or other representatives of Defendants concerning this litigation. Defendants will provide a privilege log of all privileged documents deemed responsive to a document request.

8.     "**Confidentiality Objection**."  Defendants object to Plaintiff's discovery requests to the extent they call for confidential information.  No confidential information will be produced except under the protective order entered by the Court for this case.

9.     "**All Documents Objection**."  Defendants objects to Plaintiff's discovery requests to the extent that they call for the identity or production of "all" information, "all" documents or "each" document that exists in the possession, custody or control of Defendants, including any agents, employees, attorneys, or other representatives. To the extent not objected to, Defendants will produce representative information and representative documents that are not duplicative of other produced documents.  Defendants will not search for files of persons that are not reasonably likely to have had significant contact with the subject matter of a request.  To the

extent that Plaintiff requests that Defendants engage in a more extensive search for documents than indicated, Plaintiff's discovery requests are overly broad, unduly burdensome, oppressive and harassing. The burden of such a search would be grossly out of proportion to the prospect of discovering admissible evidence or materials that would lead to the discovery of admissible evidence.

10.     "**Custody and Control Objection**." Defendants object to Plaintiff's discovery requests to the extent that they call for documents that are under third party custody and control and over which Defendants cannot exercise custody and control.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1:**

Produce all Documents relating to any use of the BUTTERFLYMX Mark, or any name, or symbol using the BUTTERFLYMX Mark.

**RESPONSE NO. 1:**

In addition to the General Objections, Defendants objects this request to the extent that it assumes or alleges that Defendants "used" the BUTTERFLYMX mark. In the past, Plaintiff arranged with Google (under the ADWARE program) that when people searched for MVI, the BUTTERFLYMX web portal appeared at the top of the search results, which presumptively means that Plaintiff does not consider  that it "used" the MVI mark. For the same reason, Defendants did not "use" Plaintiff's marks. Defendants further object to this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Subject to the foregoing objections, the non-objected to documents will be

produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 2:**

Produce all Documents concerning or relating to the decision to register the Infringing Domain Names or otherwise use the BUTTERFLYMX Mark.

**RESPONSE NO. 2:**

In addition to the General Objections, Defendants objects this request to the extent that it assumes that Defendants used or registered the BUTTERFLYMX mark and/or it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 3:**

Produce all non-privileged Documents concerning the subject matter of this litigation.

**RESPONSE NO. 3:**

In addition to the General Objections, Defendants objects to this request because it is overbroad and essentially asks for Defendants to turn over every document in its possession, and further object to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon

entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 4:**

Produce all Documents that Defendants intend or have relied upon in answering any interrogatory set forth in Plaintiff's interrogatories to Defendants.

**RESPONSE NO. 4:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 5:**

Produce all Documents relating to Defendants' ownership in any corporation, company, joint venture, partnership, trust or any other form of entity, at any time, including, without limitation, any and all subsidiaries or affiliates owned by any Defendant, in whole or in part.

**RESPONSE NO. 5:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon

entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 6:**

Produce all Documents relating to Defendants' use of the BUTTERFLYMX Mark in connection with online advertising, including, but not limited to, Google AdWords, Yahoo, Facebook, and YouTube.

**RESPONSE NO. 6:**

Defendants are not aware of the existence of such documents.

**REQUEST NO. 7:**

Produce all Communications between any Defendant and any third party concerning the subject matter of this proceeding.

**RESPONSE NO. 7:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 8:**

Produce all Documents relating to Communications by any Defendant to any third party regarding the facts underlying the allegations contained in the Amended Complaint and Amended Answer.

**RESPONSE NO. 8:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 9:**

Produce all Documents relating to Communications by any Defendant to Plaintiff regarding the facts underlying the allegations contained in the Amended Complaint and Amended Answer.

**RESPONSE NO. 9:**

Defendants object to producing documents, if any, allegedly sent by Defendants to Plaintiff. Further, In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon

and upon entry of a suitable Protective Order (relative to documents that contain confidential

business information).


**REQUEST NO. 10:**

Produce all Documents that Defendants intend or have relied upon in support of any claim,

contention or defense in this lawsuit.

**RESPONSE NO. 10:**

Defendants object to this request to the extent it seeks documents regarding any future "intent" to

use documents. Otherwise, non-privileged documents responsive to this request will be

produced, as noted above.


**REQUEST NO. 11:**

Produce all Documents relating to Communications with any third party regarding any actual

confusion with Defendants' services and/or Web sites and the  BUTTERFLYMX Mark, Plaintiff

or Infringing Domain Names.

**RESPONSE NO. 11:**

Presently, Defendants are unaware of any such documents.


**REQUEST NO. 12:**

Produce all Documents that Defendants intend or have relied upon in support of any claim,

contention or defense in this lawsuit.

**RESPONSE NO. 12:**

See response to Interrogatory # 10.

**REQUEST NO. 13:**

Produce all Documents relating to the use of the Infringing Domain Names, including, without limitation, documents evidencing: (i) the number of users and/or visitors to the Infringing Domain Names, (ii) any revenues derived from the use of the Infringing Domain Names, (iii) any Web sites or Web pages to which the Infringing Domain Names was directed, (iv) any claimed good faith uses.

**RESPONSE NO. 13:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 14:**

Produce all Documents showing the Defendants' gross profits from the operation of the Infringing Domain Names.

**RESPONSE NO. 14:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections,

Defendants are unaware of any documents that are responsive to this request, as not a dime in revenue can be correlated with any business revenue realized by Defendants on sales of its products and/or services. Presently, Defendants are unaware of any such documents.

**REQUEST NO. 15:**

Produce all Documents showing the Defendants' net profits (after expenses).

**RESPONSE NO. 15:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents, if any, will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 16:**

Produce Documents sufficient to identify any other domain name registered by Defendant not identified in Plaintiff's Amended Complaint.

**RESPONSE NO. 16:**

Documents sufficient to show all the domain names used by Defendants shall be produced.

**REQUEST NO. 17:**

Produce all Documents relating the Infringing Domain Names, including, without limitation, documents evidencing: (i) the registrant of the Infringing Domain Names, (ii) the date of its registration, (iii) any uses made of the Infringing Domain Names by Defendants, (iv) any changes to the Infringing Domain Names' registration records, including changes to their DNS, (v) changes to any Web site with which the Infringing Domain Names were associated, (vi) any offers to buy or sell the Infringing Domain Names; (vii) Defendants' use of the Infringing Domain Names to redirect users to a competing Web site.

**RESPONSE NO. 17:**

The requested documents will be produced.


**REQUEST NO. 18:**

Produce all Documents relating to Communications by Defendants to any third party regarding the BUTTERFLYMX Mark and/or Plaintiff.

**RESPONSE NO. 18:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents, if any, will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 19:**

Produce all Documents between Plaintiff and Defendants, including, but not limited to, any agreements, business dealings, complaints, or disputes between the parties, and any Communications concerning the same.

**RESPONSE NO. 19:**

The requested documents, if any, will be produced.


**REQUEST NO. 20:**

Produce all Documents relating to any use of the BUTTERFLYMX Mark, by Defendants, in connection with the offering of goods or services, or otherwise.

**RESPONSE NO. 20:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information). Presently, Defendants are unaware of the existence of such documents.


**REQUEST NO. 21:**

Produce all Documents relating to promotional and marketing activities by Defendants in connection with the BUTTERFLYMX Mark and/or Plaintiff.

**RESPONSE NO. 21:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information). Presently, Defendants are unaware of the existence of such documents.

**REQUEST NO. 22:**

Produce all Documents, which identify, depict, and/or promote services offered by Defendants, in connection with the BUTTERFLYMX Mark and/or Plaintiff.

**RESPONSE NO. 22:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information). Presently, Defendants are unaware of the existence of such documents.

**REQUEST NO. 23:**

Produce all Documents referencing Defendants' knowledge of the BUTTERFLYMX Mark, and Plaintiff's rights in and to such mark.

**RESPONSE NO. 23:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 24:**

Produce all Documents relating to licensing agreements between Plaintiff and Defendants regarding the BUTTERFLYMX Mark.

**RESPONSE NO. 24:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information). Presently, Defendants are unaware of the existence of such documents.

**REQUEST NO. 25:**

Produce all Documents relating to all (1) domain registrars, (2) web hosting providers, and (3) web analytics accounts used by Defendants.

**RESPONSE NO. 25:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records. Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents will be produced at a time, place and manner to be agreed upon and upon entry of a suitable Protective Order (relative to documents that contain confidential business information).

**REQUEST NO. 26:**

Produce all Documents relating to Defendants' marketing strategy, online and elsewhere, including but not limited to, use of domain names and Google Ad Words.

**RESPONSE NO. 26:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP. Subject to the foregoing objections, the non-objected to documents

will be produced at a time, place and manner to be agreed upon and upon entry of a suitable

Protective Order (relative to documents that contain confidential business information).


**REQUEST NO. 27:**

Produce all Documents, including, but not limited to, financial accounting books, Quickbooks

files or other accounting software records, financial statements, profit and loss statements,

income statements, balance sheets, accounting ledgers, accounting statements, customer

invoices, and similar documents, that show and/or identify: (a) Defendant MVI Systems' total

sales; (b) the gross revenues realized by Defendant MVI Systems from all sales; (c) the net

profits realized by Defendant MVI Systems from all sales; and (d) all monies spent by Defendant

on advertising.

**RESPONSE NO. 27:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks

discovery of privileged documents and/or that it requests divulgation of confidential business

records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor

otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further

object to this request to the extent that it seeks documents beyond those that are subject to

discovery under the FRCP.


**REQUEST NO. 28:**

Produce all Documents consisting of or referencing communications by any Defendant relating

to any indebtedness to Plaintiff or any third party, including, without limitation, communications

concerning the nonpayment of, or steps taken to avoid paying, a debt or claim, whether disputed or non-disputed.

**RESPONSE NO. 28:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP.

**REQUEST NO. 29:**

Produce copies of Defendants' foreign, federal and state corporate income tax returns for the last four (4) years.

**RESPONSE NO. 29:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP.

**REQUEST NO. 30:**

Produce copies of Defendants' financial statements and general ledgers for Defendants' businesses for the last four (4) years.

**RESPONSE NO. 30:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP.


**REQUEST NO. 31:**

Produce all Documents sufficient to identity any mortgage, rent, or lease payments for real or personal property to which Defendants, including, without limitation, any and all parents, subsidiaries or affiliates owned by Defendants, in whole or in part, were a party in the last four (4) years.

**RESPONSE NO. 31:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP.

**REQUEST NO. 32:**

Produce copies of any asset purchase agreements, stock purchase agreements, stock sale agreements, mergers, acquisitions, asset sales, investments, letters of intent, or other such agreements entered into by Defendants with a third party in the last four (4) years.

**RESPONSE NO. 32:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP.


**REQUEST NO. 33:**

Produce all Documents relating to the loan, payment, or transfer of any money or property interest or other financial interest by or to Defendants by or to any third party within the last four years.

**RESPONSE NO. 33:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP.

**REQUEST NO. 34:**

Produce all records of loans made or obtained by Defendants in the last four (4) years.

**RESPONSE NO. 34:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP.


**REQUEST NO. 35:**

Produce all Documents relating to declarations of income or assets, whether filed or not, and all other documents relating to the payment of taxes to any state by Defendants from 2016 to the present.

**RESPONSE NO. 35:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP.

**REQUEST NO. 36:**

Produce all Documents consisting of all company books, banking transactions, credit card transactions, payments, financial transfers, checks, loans, investments, financial statements and any other accounting record of Defendants and for any entity in which Defendants own a controlling interest from 2016 to the present.

**RESPONSE NO. 36:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP.

**REQUEST NO. 37:**

Produce all Documents relating to any transfers of assets, including cash, made by Defendants.

**RESPONSE NO. 37:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks discovery of privileged documents and/or that it requests divulgation of confidential business records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further object to this request to the extent that it seeks documents beyond those that are subject to discovery under the FRCP.

**REQUEST NO. 38:**

Produce all Documents relating to any proposed reorganization or restructuring of Defendant

MVI Systems.

**RESPONSE NO. 38:**

In addition to the General Objections, Defendants objects this request to the extent that it seeks

discovery of privileged documents and/or that it requests divulgation of confidential business

records and/or that it is overbroad in that it seeks profit documents that are neither temporally nor

otherwise connected to the alleged use of the "Infringing Domain Names." Defendants further

object to this request to the extent that it seeks documents beyond those that are subject to

discovery under the FRCP.


Dated:   September 13, 2019                      Respectfully submitted,

                                                 /s/ Max Moskowitz
                                                 Max Moskowitz
                                                 OSTROLENK FABER LLP
                                                 845 Third Avenue
                                                 New York, New York 10022
                                                 Telephone: (212) 382-0500
                                                 Facsimile: (212) 382-0888
                                                 E-mail: mmoskowitz@ostrolenk.com

                                                 *Attorneys for Defendants*
                                                 *MVI Systems LLC and Samuel Taub*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2019, I caused a true and correct copy of

DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR THE

PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO FRCP 34 to be served on

counsel of record via email, pursuant to Federal and Local rules.

<u>/s/ Max Moskowitz</u>
Max Moskowitz